1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAPI L. SOTOA,

Plaintiff,

v.

U.S. DEPARTMENT OF
VETERANS AFFAIRS - LA JOLLA
MEDICAL CENTER, SAN DIEGO,

Defendant.

Case No.:  16cv1935

**ORDER GRANTING MOTION TO
PROCEED IN FORMA
PAUPERIS; DISMISSING
COMPLAINT FOR FAILURE TO
STATE A CLAIM; AND
DENYING REQUEST FOR
APPOINTMENT OF COUNSEL**

On August 1, 2016, Plaintiff filed a Complaint in addition to a Motion to Proceed In Forma Pauperis ("IFP Motion") and a Request for Appointment of Counsel.  For the reasons discussed below, the IFP Motion is granted, the Complaint is dismissed with leave to amend, and the Request for Appointment of Counsel is denied without prejudice.

I.    Motion to Proceed IFP

Upon review of Plaintiff's affidavit in support of his IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action.  Accordingly, Plaintiff's IFP Motion is GRANTED.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   Failure to State a Claim

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim.  The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Here, the Complaint must be dismissed because it does not identify a party defendant.

Plaintiff's Complaint alleges that he was injured at the VA San Diego Medical Center (the "VA Center") when a nurse negligently allowed an automated door to close on his right side, injuring his shoulder and neck.  The Complaint does not refer to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., or otherwise invoke the FTCA as the basis for Plaintiff's claims.  However, attached to the Complaint are copies of an administrative claim he filed with the U.S. Department of Veterans Affairs under the FTCA based on the same incident.  The Court may consider the documents attached as exhibits to a complaint in deciding whether plaintiff has stated a plausible claim for relief.  See, e.g., Beauvoir v. Israel, 794 F.3d 244, 248 n.4 (2d Cir. 2015).  Also, because Plaintiff is proceeding in pro se, his pleadings are "held to less rigorous standards than those drafted by attorneys." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261,1268 (9th Cir. 1992).  Liberally interpreted, the Complaint, including its attachments, invokes the FTCA as the statutory basis for Plaintiff's negligence claims.

Even so, Plaintiff has not yet succeeded in stating a claim on which relief can be granted, because his Complaint does not name any party defendants.  In the caption of the Complaint, the area where the "Defendant(s)" are supposed to be named has been left blank.  See Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties").  And although the body of the Complaint states that Plaintiff has "a grievance against the Department of Veterans Affairs,"

16cv1935

it does not go so far as to allege that the Department of Veterans Affairs, or any other person or entity, is a party defendant.  "[F]ederal courts lack jurisdiction over … unnamed parties, as a case has not been commenced with respect to them."  Nat'l Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989); accord, Loa-Herrera v. Trominski, 231 F.3d 984, 991 (5th Cir. 2000); see Adams v. School Board, 53 F.R.D. 267, 268 (M.D. Pa. 1971) (where civil rights complaint names only one party defendant in caption, only that party is the defendant).  Because the Complaint does not identify the party defendants, Plaintiff has not yet stated a claim against anyone, so the Complaint must be dismissed.

The Court notes that two of the documents filed at the same time as the Complaint do name defendants, but the defendants differ on each document. Plaintiff's Request for Appointment of Counsel names three defendants:  the "U.S. Dept. of Veterans Affairs—La Jolla Medical Center, San Diego," "Hazal Tanga, Manager," and "Nurse (name unknown)."  His Civil Case Cover Sheet appears to identify just one defendant, Hazal Tanga.  If any of these are the parties Plaintiff meant to name in the Complaint, they are not proper defendants to his FTCA claim.  Veterans' medical facilities are operated by the Veterans Health Administration, an administration within the Department of Veterans Affairs, a federal agency.  Federal agencies are generally immune from suit. Loeffler v. Frank, 486 U.S. 549, 544 (1988).  Under the FTCA, a claim against a federal agency may be brought only against the United States. 28 U.S.C. § 2679(a).  Therefore, it would be improper for Plaintiff to name the Department of Veterans Affairs or the VA Center as defendants to his FTCA claim.  If he does intend to state a claim under the FTCA based on the alleged negligence of either of these entities, the United States is the proper defendant.

With respect to the "Nurse (name unknown)," the Complaint alleges that she was an employee of the VA Center.  Suits against federal employees are

"deemed an action against the United States," 28 U.S.C. § 2679(d)(1), and "any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded," 28 U.S.C. § 2679(b)(1).  Thus, to the extent Plaintiff wishes to assert an FTCA claim against the nurse in her capacity as a VA Center employee, once again, the United States is the proper defendant.

The Complaint does not allege any specific facts as to Hazal Tanga, or anyone identified as a "Manager."  As currently pled, the Complaint fails to state a claim for relief against this person.  Plaintiff will need to add facts to his Complaint explaining how Hazal Tanga, "Manager," was negligent if he wishes to base his FTCA claim on this person's alleged wrongdoing.  Also, to the extent Plaintiff contends that this is another VA Center employee, the United States would be the proper defendant.

Because Plaintiff's Complaint does not identify any defendants, it will be dismissed with leave to amend. [1]  Plaintiff will have 45 days from the date of this

_____

[1]  The Court also notes that, at least in its current form, Plaintiff's Complaint may be time-barred.  Under 28 U.S.C. § 2401(b), an FTCA action must be filed "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  It appears from the Complaint's attachments that the VA issued a final denial on October 8, 2014, and that Plaintiff thereafter filed a request for reconsideration.  Filing a request for reconsideration tolls the limitations period for an additional six months, 28 C.F.R. § 14.9(b), but Plaintiff's Complaint appears to have been filed beyond even this additional period, because the VA denied his request for reconsideration on December 15, 2015, and Plaintiff did not file this action until August 1, 2016.  However, the FTCA's limitations period can be extended by equitable tolling.  United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015).  The Court cannot determine, based on Plaintiff's current allegations, whether he seeks to rely on equitable tolling.  If he does, he should add facts to the Complaint that explain the reasons why, through no fault of his own, he was unable to file his Complaint with the Court within the required six months.

order to file an amended complaint.

### III.   Request for Appointment of Counsel

Plaintiff has filed a request for appointment of counsel.

There is no right to counsel in civil cases, and district courts may appoint counsel only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id.

At this point in time, the Court cannot say there is any likelihood of success on the merits. Therefore, the Court DENIES without prejudice Plaintiff's Request for Appointment of Counsel.

### IV.   Conclusion and Order

Based on the foregoing, the Court ORDERS as follows:

1) Plaintiff's Motion to Proceed IFP is GRANTED;

2) Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will have 45 days from the date of this Order to file an amended complaint; and

3) Plaintiff's Plaintiff's request for appointment of counsel is DENIED without prejudice.

**IT IS SO ORDERED:**

Dated:  September 23, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court

16cv1935